# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

22-3404

**UNITED STATES OF AMERICA,**

Appellee,

v.

**STEPHEN ALBERT,**

Appellant.

*APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
HONORABLE C.J. WILLIAMS, U.S. DISTRICT COURT JUDGE*

**APPELLANT'S REPLY BRIEF**

**Brad Hansen**
*FEDERAL DEFENDER'S OFFICE*
400 Locust Street, Suite 340
Des Moines, Iowa 50309
EMAIL: brad_hansen@fd.org
PHONE: (515) 309-9610
FAX: (515) 309-9625

ATTORNEY FOR APPELLANT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................... ii

ARGUMENT IN REPLY ...................................................................... 1

    I.    THE INSTRUCTION WAS INCORRECT ............................. 1

    II.    THE FAILURE TO CORRECT THE ERROR WAS NOT INTENTIONAL OR STRATEGIC, AND THUS PLAIN ERROR REVIEW APPLIES ................................................. 2

    III.    THE ERRONEOUS INSTRUCTIONS AFFECTED MR. ALBERT'S SUBSTANTIAL RIGHTS BECAUSE IT IS REASONABLY PROBABLE THAT A PROPERLY INSTRUCTED JURY WOULD HAVE ACQUITTED HIM OF SEXUAL ABUSE ................................................. 5

CONCLUSION .................................................................................. 9

CERTIFICATE OF FILING AND SERVICE ........................................ 10

FED. R. APP. P. 32(a)(7) AND 8TH CIR. RULE 28A(c) CERTIFICATION ................................................................ 11

# TABLE OF AUTHORITIES

**Statute**

18 U.S.C. § 2242 ........................................................................................... 2, 6

**Cases**

**Supreme Court**

*United States v. Olano*, 507 U.S. 725 (1993) ......................................... 3, 5

**Courts of Appeals**

*United States v. Bagola*, 796 F.3d 903 (8th Cir. 2015) ............................. 6

*United States v. Bruguier*, 735 F.3d 754 (8th Cir. 2013) (*en banc*) ...... 1, 5

*United States v. Cherry*, 938 F.2d 748 (7th Cir. 1991) ............................ 2

*United States v. Fast Horse*, 747 F.3d 1040 (8th Cir. 2014) ......... 4, 5, 8, 9

*United States v. Jackson*, 913 F.3d 789 (8th Cir. 2019) ........................... 4

*United States v. Mariano*, 729 F.3d 874 (8th Cir. 2013) ...................... 3, 4

*United States v. Perez*, 116 F.3d 840 (9th Cir. 1997) (*en banc*) ............... 5

*United States v. Tillman*, 765 F.3d 831 (8th Cir. 2014) .......................... 4

*United States v. Wortham*, 990 F.3d 586 (8th Cir. 2021) ........................ 4

# ARGUMENT IN REPLY

Mr. Albert argued in his opening brief that the district court (1) plainly erred by incorrectly instructing the jury on the elements of the offense of sexual abuse under 18 U.S.C. § 2242(1); (2) abused its discretion by refusing to instruct the jury on the lesser-included offense of abusive sexual contact under § 2244; and (3) abused its discretion by admitting unfairly prejudicial evidence.

In this reply brief, Mr. Albert addresses the government's response to argument (1).

## I. THE INSTRUCTION WAS INCORRECT.

The parties appear to agree on one thing: The jury instructions on the elements of the § 2242(1) offense were wrong. The government's brief does not argue otherwise.

As Mr. Albert argued in his opening brief, the instructions contravened the unambiguous language of § 2242(1) and this Court's decision in *United States v. Bruguier*, 735 F.3d 754 (8th Cir. 2013) (*en banc*), and they essentially read the mental state requirement out of the statute. The district court should have instructed the jury that § 2242(1) requires proof beyond a reasonable doubt that Mr. Albert

1

"'knowingly' induce[d] the prohibited conduct 'by threatening or placing [L.R.] in fear.'" *United States v. Cherry*, 938 F.2d 748, 754 (7th Cir. 1991); *see also* 18 U.S.C. § 2242(1) ("knowingly . . . causes another person to engage in a sexual act by threatening or placing that other person in fear"). Instead, all the government was required to prove was that Mr. Albert "knowingly engaged" in a sex act with L.R (and it is difficult to imagine what it would mean to *unknowingly* engage in a sex act in this context). An error of this nature is unfortunate in any case, but especially so in a case with such grave consequences for the defendant.

## II. THE FAILURE TO CORRECT THE ERROR WAS NOT INTENTIONAL OR STRATEGIC, AND THUS PLAIN ERROR REVIEW APPLIES.

So there is no dispute that the instruction was wrong, and the fighting issue is simply whether Mr. Albert is entitled to any relief from serving a 452-month prison sentence for an offense on which the jury was erroneously instructed. The government argues that not only is Mr. Albert not entitled to relief; it argues that this issue is *unreviewable* by the Court because he waived it. (Appellee's Br., pp. 22-29.)

The Court should not find a waiver. First, Mr. Albert did not "misstate[] the record" (*id.*, p. 28)—although the faulty jury instructions

2

ultimately appeared in "joint" proposed instructions, the government initiated the error. Pursuant to the district court's Criminal Trial Management Order, the government "serve[d] . . . on defense counsel its proposed instructions." (R. Doc. 15, p. 10.) Defense counsel then failed to correct that error in the jury instruction process, and the district court ultimately instructed the jury incorrectly on a crucial element for the § 2242(1) offense. When the government initiates a serious error, it should not be allowed to invoke waiver to deprive the defendant of *any* appellate review.

A government-initiated error is not a waiver under *United States v. Olano*, 507 U.S. 725 (1993), the Supreme Court's landmark case on waiver versus forfeiture. As *Olano* explained, "waiver is the *intentional* relinquishment or abandonment of a known right." *Id.* at 733 (quotation marks omitted) (emphasis added). By contrast, a forfeiture (allowing for plain error review) "is the failure to make the timely assertion of a right." *Id.* It may be difficult in some cases involving flawed instructions to "search for evidence of defense counsel's mental state," *United States v. Mariano*, 729 F.3d 874, 881 (8th Cir. 2013), but no such inquiry is necessary here where (1) the government made its own job easier by

3

drafting instructions that negated the applicable mental state, and (2) there was no strategic reason for defense counsel to "invite" such an error knowingly. This case involves a quintessential failure to make the timely assertion of the Sixth Amendment right to a properly instructed jury. *See United States v. Fast Horse*, 747 F.3d 1040, 1044 (8th Cir. 2014).

The government cites cases in support of its waiver argument, but none resolves this appeal. *United States v. Wortham*, 990 F.3d 586 (8th Cir. 2021), *United States v. Jackson*, 913 F.3d 789 (8th Cir. 2019), *United States v. Tillman*, 765 F.3d 831 (8th Cir. 2014), and *United States v. Mariano*, 729 F.3d 874 (8th Cir. 2013), all found waivers, and *Jackson* and *Tillman* (like Mr. Albert's case) arose from the Northern District of Iowa. None of these cases, however, addresses the impact of the government initiating the error by having served faulty instructions on defense counsel, who erroneously relied on the government's proposal. If that constitutes waiver, it unjustly rewards the government for making the initial error in its own favor.[1]

---

[1] To the extent this Court's cases suggest that a waiver occurs *whenever* the parties file erroneous "joint" instructions, that conclusion

This was a forfeiture; not a waiver. This Court should review the jury instructions for plain error.

## III. **THE ERRONEOUS INSTRUCTIONS AFFECTED MR. ALBERT'S SUBSTANTIAL RIGHTS BECAUSE IT IS REASONABLY PROBABLE THAT A PROPERLY INSTRUCTED JURY WOULD HAVE ACQUITTED HIM OF SEXUAL ABUSE.**

As an alternative, the government argues that Mr. Albert cannot establish plain error because his substantial rights were not affected by the erroneous jury instructions.[2] Specifically, the government asserts that the following evidence shows that Mr. Albert knowingly used threats or fear to cause sex acts with L.R.: L.R.'s testimony that Mr. Albert put his hand over her mouth and held her down when he sexually abused

---

is contrary to *Olano*. *See United States v. Perez*, 116 F.3d 840, 846 (9th Cir. 1997) (*en banc*) ("Here, because neither [defendant] knew of the right to have the omitted element submitted to the jury, we must treat the right as forfeited, as opposed to waived. Accordingly, we review the error under Rule 52(b) for plain error."). But Mr. Albert does not read this Court's precedent so broadly.

[2] As noted, the government does not argue that the jury instructions were correct. On top of that, the government does not argue that the error was not plain (it was obvious in light of *Bruguier*), or that the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. It therefore appears that only one of the four requirements to establish plain error is at issue. *See Fast Horse*, 747 F.3d at 1042.

Appellate Case: 22-3404   Page: 8   Date Filed: 05/22/2023 Entry ID: 5279426

her, A.R.'s testimony that she saw L.R. crying when Mr. Albert sexually abused L.R. on one occasion, and the evidence of Mr. Albert's "regular physical abuse" of L.R. (Appellee's Br., pp. 30-31.) The government is incorrect.[3]

Even accepting all of this evidence as true for present purposes, it does not establish the knowing use of threats or fear to cause the sex acts. L.R. testified that Mr. Albert put his hand over her mouth when "everybody in the house was sleeping" (Trial Tr. III, p. 196), which gives rise to the possibility that he tried to keep her quiet to avoid detection rather than to make her fearful. In the same sentence, L.R. testified that "he *would* hold me down *if* I fought back" (*id.* (emphasis added)), but the testimony did not establish whether she did, in fact, fight back, or whether she thought Mr. Albert "would" hold her down "if" she tried. In

---

[3] The government refers to the § 2242(1) crime as "sexual abuse by threat and force," and sprinkles throughout its brief references to evidence that Mr. Albert engaged in sex acts by "force." (*See* Appellee's Br., pp. 3, 30-31, 33, 35; *see also* R. Doc. 2, p. 1.) But force is not an element of § 2242(1). *See United States v. Bagola*, 796 F.3d 903, 907 (8th Cir. 2015) (contrasting § 2241(a) and § 2242(1)). Thus, the confusion regarding the elements of § 2242(1) continues even on appeal.

6

sum, this passage of L.R.'s testimony does not establish Mr. Albert's mental state.

Nor does A.R.'s testimony. A.R. (who was 16 years old at trial (*id.*, p. 303)) testified about an incident that occurred when she was in first grade and allegedly walked in on Mr. Albert and L.R. when they were naked. Mr. Albert allegedly had his tongue on L.R.'s vagina, and, according to A.R., "she was in tears, and it looked like—and her eyes is, like, asking for help or something." (*Id.*, p. 310.) Whether or not A.R.'s recollection of an incident that allegedly occurred a decade prior to trial was accurate, it also does not establish Mr. Albert's knowledge that he was using threats or fear to cultivate the sexual relationship. There was no evidence that Mr. Albert saw L.R. crying, and no evidence as to why exactly L.R. was crying. Notably, L.R. herself did not testify that she was crying during that incident. (*See id.* at 199.)

And as the district court found at sentencing, the government failed to prove that Mr. Albert's physical abuse of L.R. was connected to sexual abuse. The court concluded that Mr. Albert was physically abusive to his family, and the physically abusive atmosphere "allowed the defendant to commit this crime," but that was not "the defendant's

7

intent." (Sentencing Tr., pp. 26-27.) In other words, the district court concluded that Mr. Albert was physically abusive, but he did not knowingly use the physical abuse to cause the sexual abuse.

The government misunderstands the significance of L.R.'s testimony that Mr. Albert asked her whether she wanted to continue the sexual relationship. (*See* Appellee's Br., pp. 31-32.) The conversation is important because it shows that—whatever vile thoughts Mr. Albert might have had—he did not believe that L.R. was fearful of him. Otherwise, why ask that question? It is terrible that L.R. was in the position where that question was asked. Nevertheless, she did not tell Mr. Albert that she was fearful, and thus there is no evidence from which to conclude that Mr. Albert knew she was submitting to sex acts out of fear.

Thus, as in *Fast Horse*, neither party presented evidence about the relevant mental state. 747 F.3d at 1044. "Had the jury instructions required the government to prove this element beyond a reasonable doubt, presumably both parties would have presented additional evidence and argument on that element." *Id.* As the record stands, however, it is "reasonably probable" that "the verdict would have been

different with jury instructions that accurately reflected the elements of 18 U.S.C. § 2242[(1)]." *Id.*

## CONCLUSION

Even a defendant accused of awful crimes has the right to a properly instructed jury and a fair trial. For the reasons addressed in this brief and the reasons addressed in Mr. Albert's opening brief, this Court should reverse his conviction.

Respectfully submitted,

*/s/ Brad Hansen*
BRAD HANSEN
Attorney for Appellant
Federal Defender's Office
400 Locust Street, Suite 340
Des Moines, Iowa 50309
EMAIL: brad_hansen@fd.org
PHONE: (515) 309-9610
FAX: (515) 309-9625

9

# CERTIFICATE OF FILING AND SERVICE

I certify that on May 22, 2023, I electronically filed this brief with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I scanned the brief for viruses using Trend Micro Apex 14.0.11564.

I further certify that on May __, 2023, after the Court approved the brief, I sent via FedEx ten paper copies of the brief to the Clerk of Court; one paper copy of the brief was sent via regular U.S. mail to Assistant U.S. Attorney Lisa Williams at 111 Seventh Avenue, S.E., Cedar Rapids, Iowa 52401; and one copy of the brief was mailed via regular U.S. mail to the appellant.

Respectfully submitted,

*/s/ Brad Hansen*
BRAD HANSEN
Attorney for Appellant
Federal Defender's Office
400 Locust Street, Suite 340
Des Moines, Iowa 50309
EMAIL: brad_hansen@fd.org
PHONE: (515) 309-9610
FAX: (515) 309-9625

10

# FED. R. APP. P. 32(a)(7) AND 8TH CIR. RULE 28A(c) CERTIFICATION

I certify that the foregoing brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7). The brief uses a proportional-space, 14-point Century Schoolbook font. Based on a word count under Microsoft Word Version 14, the brief contains 168 lines and 1778 words, excluding the items listed in Fed. R. App. P. 32(f).

Respectfully submitted,

*/s/ Brad Hansen*
BRAD HANSEN
Attorney for Appellant
Federal Defender's Office
400 Locust Street, Suite 340
Des Moines, Iowa 50309
EMAIL: brad_hansen@fd.org
PHONE: (515) 309-9610
FAX: (515) 309-9625